**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>　　　　Defendants. | Case No. 6:20-cv-00478-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................1

    A. The '921 Patent ........................................................................................................ 1

    B. Plaintiff's Infringement Allegations ........................................................................ 2

III. LEGAL STANDARD.............................................................................................................2

    A. Direct Infringement.................................................................................................. 2

    B. Induced and Contributory Infringement .................................................................. 3

IV. ARGUMENT..........................................................................................................................4

    A. Plaintiff Fails to State a Claim for Induced and Contributory Infringement............................................................................................................ 4

        1. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement ................................................................................................ 4

        2. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement ................................................................................................ 5

        3. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement..................................... 7

V. CONCLUSION.......................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
 620 F. App'x 934 (Fed. Cir. 2015) ...........................................................................3, 6

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
 No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ......................3, 6

*Aguirre v. Powerchute Sports, LLC*,
 No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ............4, 5

*Artrip v. Ball Corp.*,
 735 F. App'x 708 (Fed. Cir. 2018) ................................................................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)......................................................................................................2

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
 C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012)................................5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)......................................................................................................2

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
 904 F. Supp. 2d 1260 (M.D. Fla. 2012).......................................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
 135 S. Ct. 1920 (2015)..............................................................................................3, 4

*De La Vega v. Microsoft Corp.*,
 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)............................................................3

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
 No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018).........................6

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006).....................................................................................6

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
 909 F.3d 398 (Fed. Cir. 2018).......................................................................................3

*Fujitsu Ltd. v. Netgear Inc.*,
 620 F.3d 1321 (Fed. Cir. 2010).....................................................................................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011).......................................................................................................3

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ................................... 6

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017) ............................................................................................... 3

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ................................................................................................... 2

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ............................. 6

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020) ....................................................................... 4, 5

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ..................... 5

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ......................................................................................... 5

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '921 patent | U.S. Patent No. 7,126,921 |
| Accused Products | Routers controlled by DNOS incorporating features of FTOS |
| Complaint or Compl. | Complaint (D.I. 1) |
| Defendants | Dell Technologies Inc., Dell Inc. and EMC Corporation |
| DNOS | Dell Networking Operating System |
| FTOS | Force10 Networks' Force10 Operating System |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

**I.     INTRODUCTION**

Plaintiff has not plausibly alleged—and cannot plausibly allege—indirect infringement in this case under any theory. Plaintiff's indirect infringement allegations are based on knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement. Plaintiff also completely fails to allege numerous other elements of induced and contributory infringement. Plaintiffs' indirect infringement allegations should thus be dismissed.

**II.    BACKGROUND**

**A.     The '921 Patent**

The '921 patent, which is entitled "Packet network providing fast distribution of node related information and a method therefor," relates generally to providing a method of distributing node related information to recover from link and node failure. *See* '921 patent at 3:1–5. Plaintiff asserts claim 1 in the complaint:

> 1. A packet network having a plurality of nodes and links between the nodes, comprising:
>
>> a computing means for control of the nodes;
>>
>> each node having a data plane means for forwarding packets between the nodes, the data plane means being responsive to control signals from the computing means; and
>>
>> the data plane means comprising a means for fast propagation of node related information between the data plane means in each node and forwarding the information to the computing means in the network,
>>
>> wherein the means for fast propagation of node related information comprises means for fast propagation of link state information.

*Id.*, cl. 1.

B.  **Plaintiff's Infringement Allegations**

Plaintiff accuses Defendants of direct infringement of claim 1 of the '921 patent based on making, using, or selling routers controlled by the DNOS that has features from FTOS. Compl. at ¶¶ 13, 21.

Plaintiff never expressly alleges that any third party infringes the '921 patent. Rather, Plaintiff's indirect infringement allegations amount to three sentences that parrot some of the legal elements, and citations to two website links that fail to support their claims. *See* Compl. at ¶¶ 23–25. These allegations lack any factual basis and fail to even allege that Defendants had knowledge of the patent and knowledge infringement **before** Plaintiff filed suit. *See id.*

### III.  LEGAL STANDARD

A.  **Direct Infringement**

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."). For a claim of patent infringement, the complaint must—at a minimum—

plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

### B.  Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, Plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

IV.     ARGUMENT

    A.     **Plaintiff Fails to State a Claim for Induced and Contributory Infringement**

Plaintiff's indirect infringement claims are deficient and should be dismissed. As an initial matter, Plaintiff has failed to plead any knowledge by Defendants of the patent, or knowledge by Defendants of alleged infringement, ***prior*** to the filing of this action. Plaintiff also fails to plead a specific intent to induce infringement. And, Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses. Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

    1.     **Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement**

Plaintiff's indirect infringement claims fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegation of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '921 patent *since at least the date of service of this Complaint*." Compl. at ¶ 23 (emphasis added).[1] This Court has rejected identical allegations of knowledge. For example, in *Parus*, this

---

[1] Plaintiff's allegation of knowledge of infringement is likewise deficient as it alleges such knowledge only "[s]ince at least the date of service of this Complaint." Compl. at ¶ 25; *see, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations

Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent *since at least the filing of the original complaint*." *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) at ¶ 44 (emphasis added); *see id.* at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims). Like the allegations in *Parus*, Plaintiff fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *Aguirre*, 2011 WL 2471299, at *3; *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("Also, because notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in Global–Tech that an allegation of knowledge of the patent is required to state a claim for induced infringement.").[2]

### 2. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, *directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct*

---

of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent." (D.I. 28 (Amended Compl.) at ¶ 44)).

[2] Other courts similarly have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11-04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Brandywine*, 912 F. Supp. 2d at 1345 ("The weight of authority addressing the knowledge required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.").

*infringer's activities.*'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)) (emphasis added).  Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and website citations.  *See* Compl. at ¶ 24.[3]  Such conclusory allegations fail to present facts that demonstrate:  (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent.  *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient").  To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement."  *Parity*, 2019 WL 3940952, at *2.[4]

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

---

[3]  Plaintiff never once alleges that these third parties *actually* infringed.

[4]  *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint." (emphasis in original)); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

6

### 3. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Compl. at ¶ 25. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

| | |
|---|---|
| Dated:  October 5, 2020 | By: */s/ Barry K. Shelton*<br>Barry K. Shelton<br>Texas State Bar No. 24055029<br>bshelton@sheltoncoburn.com<br>**SHELTON COBURN LLP**<br>311 RR 620, Suite 205<br>Austin, TX  78734-4775<br>Telephone:  512.263.2165<br>Facsimile:  512.263.2166<br><br>Benjamin Hershkowitz<br>bhershkowitz@gibsondunn.com<br>Brian A. Rosenthal<br>brosenthal@gibsondunn.com<br>Allen Kathir<br>akathir@gibsondunn.com<br>Kyanna Sabanoglu<br>ksabanoglu@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Y. Ernest Hsin<br>ehsin@gibsondunn.com<br>Jaysen S. Chung<br>jschung@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>555 Mission Street, Suite 3000<br>San Francisco, CA  94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>Ryan K. Iwahashi<br>riwahashi@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone:  650.849.5300<br>Facsimile:  650.849.5333<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 5th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

/s/ *Barry K. Shelton*

Barry K. Shelton