**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>  v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>    Defendants. | Case No. 6:20-cv-00478-ADA<br><br>**JURY TRIAL DEMANDED** |

<u>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**</u>

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................1

II.  ARGUMENT .......................................................................................................1

  A.  Plaintiff Fails to State a Claim for Indirect Infringement ........................................1

    1.  Plaintiff Fails to Plausibly Allege that Defendants Had Pre-Suit Knowledge of the Patent or of Alleged Infringement .................................1

    2.  Plaintiff Fails to Plead Facts that Plausibly Show the Defendants Had a Specific Intent to Cause Another to Directly Infringe .......................................4

    3.  Plaintiff Has No Factual Basis to Allege that the Asserted Products Have No Substantial Non-infringing Uses .........................................................5

  B.  Plaintiff Should Not Be Permitted to Amend.............................................................5

III.  CONCLUSION....................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ........................................................................4

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012) ................................................................3

*Canon, Inc. v. TCL Electronics Holdings Ltd.*,
No. 2:18-CV-00546-JRG, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) .............4

*Castlemorton Wireless, LLC v. Bose Corporation*,
No. 6:20-cv-00029-ADA (W.D. Tex. July 22, 2020) ............................................2

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
672 F.3d 1335 (Fed. Cir. 2012) ........................................................................2, 3

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301, 1320-1321 (Fed. Cir. 2009) .........................................................5

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
751 F.3d 368, 378 (5th Cir. 2014) ....................................................................5, 6

*Motiva Patents, LLC v. Sony Corp.*,
408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019) ...............................................4, 5

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337, 1355 (Fed. Cir. 2018) ...............................................................3, 4

*Parity Networks, LLC v. Cisco Systems, Inc.*,
No. 6-19-cv-00207, Dkt. 23, at 3–4 (WDTX, July 26, 2019) ...............................2

*Parus Holdings Inc. v. Apple Inc.*,
No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020) ......................................................1, 2

*Ricoh Co. v. Quanta Computer Inc.*,
550 F.3d 1325 (Fed. Cir. 2009) ............................................................................4

*Script Security Solutions L.L.C. v. Amazon.com, Inc.*,
170 F. Supp. 3d 928, 936–37 (E.D. Tex. 2016) ....................................................4

*Target Training Intern., Ltd. v. Extended Disc N. Am., Inc.*,
645 Fed. Appx. 1018, 1026 (Fed. Cir. 2016) ........................................................7

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*VLSI Tech. LLC v. Intel Corp.*,
    CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)....................................................3

*WSOU v. Dell Inc. et al.*,
    No. 6:20-cv-00409 (W.D. Tex. May 20, 2020) ........................................................................10

*WSOU v. Dell Inc. et al.*,
    No. 6:20-cv-00477 (W.D. Tex. Nov. 13, 2020) ........................................................................2

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '921 patent | U.S. Patent No. 7,126,921 |
| Accused Products | Dell Networking S3048-ON, Dell Networking S4048-ON, Dell Networking S4810-ON, Dell Networking S6000-ON, and E-Series, C-Series, N-Series, and S-Series hardware |
| Amended Complaint or Am. Compl. | First Amended Complaint For Patent Infringement (D.I. 34) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| DNOS | Dell Networking Operating System |
| FTOS | Force10 Networks' Force10 Operating System |
| Motion | Defendants' Motion to Dismiss First Amended Complaint For Failure to State a Claim (D.I. 38) |
| Opposition or Opp. | Response Opposing Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 55) |
| Original Complaint or Original Compl. | Original Complaint For Patent Infringement (D.I. 1) |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I.      INTRODUCTION

Plaintiff's indirect infringement allegations are deficient and must be dismissed.  Plaintiff *still* has yet to identify any basis to allege that Defendants induce or contribute to infringement of the '921 patent.  This Court has repeatedly ruled that pre-suit knowledge is required for claims of indirect infringement and that prior iterations of a complaint cannot provide this knowledge.  Yet, despite this clear precedent, Plaintiff's only basis for knowledge is a prior complaint that was never served.  Unable to cure this failure, Plaintiff ignores the law of this district and instead spends seven pages discussing various Delaware cases related to indirect infringement and other cases related to the standard for willfulness allegations (which is not at issue in this case).  Plaintiff cannot avoid the law of this district with respect to indirect infringement or its failure to adequately allege pre-suit knowledge of the patent.

## II.      ARGUMENT

### A.      Plaintiff Fails to State a Claim for Indirect Infringement

#### 1.      Plaintiff Fails to Plausibly Allege that Defendants Had Pre-Suit Knowledge of the Patent or of Alleged Infringement

As addressed in Defendants' Motion, this Court has expressly held that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to dismiss.  *See* Motion at 4–6 (citing *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020)).  Plaintiff attempts to avoid this clear precedent by incorrectly asserting that "this Court's ruling in *Parus* was largely based on willfulness arguments" and that "there appears to be no clear holding finding pre-filing knowledge necessary for either indirect infringement or enhanced damages due to willful infringement."[1]

---

[1]  Plaintiff's Opposition inexplicably spends two pages describing the knowledge requirement for willfulness for enhanced damages.  *See* Opp. at 8–10 (citing cases).  Defendants have never

Opp. at 7–8.  These assertions are disingenuous at best.  The *Parus* transcript, which Plaintiff

selectively cites (*see* Opp. at 7–8), makes clear that Defendants argued, and the Court heard, that

pre-suit knowledge was necessary for indirect infringement:

> MR. SNYDER [For Google]: . . . Likewise, ***for indirect infringement***, whether it's
> contributory infringement or inducing infringement, ***the mere notice provided by a***
> ***complaint shouldn't provide that necessary knowledge*** and intent because merely
> continuing that conduct after you've been sued doesn't provide that knowledge of
> or intent to infringe the patent that is required for either of those types of indirect
> infringement.

*WSOU v. Dell Inc. et al.*, No. 6:20-cv-00477, D.I. 51-1 (*Parus* Tr.) at 23:9-16 (emphasis added)

(W.D. Tex. Nov. 13, 2020); *see also id.* at 24:9–14, 50:23–52:24; *Parus*, No. 6:19-cv-432, D.I. 54

(Motion to Dismiss) at 13 (arguing "knowledge as a result of the plaintiff's lawsuit is 'insufficient

to plead the requisite knowledge for indirect infringement'" (citation omitted)).  Thus, this Court

considered the lack of pre-suit knowledge for indirect infringement and granted Defendant's

motion to dismiss its indirect infringement claims.  *See Parus*, No. 6:19-cv-432, Feb. 20, 2020

Text Order GRANTING D.I. 54.  Further, if there was any confusion post *Parus*, this Court has

held that pre-suit knowledge is required in cases that did *not* involve claims of willful infringement.

*See, e.g.*, *Castlemorton Wireless, LLC v. Bose Corporation*, No. 6:20-cv-00029-ADA, D.I. 51 at

10–11 (W.D. Tex. July 22, 2020) (granting "Bose's motion to dismiss Castlemorton's indirect

infringement claims" because "Castlemorton's complaint does not plead any facts that would

support an allegation of pre-suit knowledge").[2]

Moreover, contrary to Plaintiff's assertion, this Court's holdings in *Parus* and

---

mentioned willfulness (as Plaintiff has not alleged it) and have not conflated the standard for
willfulness with indirect infringement.  Thus this discussion is completely irrelevant.

[2]  Plaintiff's citation to *Parity* is not persuasive as this Court has repeatedly addressed indirect
infringement claims on motions to dismiss.  *See* Opp. at 6 (citing *Parity Networks, LLC v.
Cisco Systems, Inc.*, No. 6-19-cv-00207, Dkt. 23, at 3–4 (W.D. Tex. July 26, 2019)).

*Castlemorton* are not at odds with Federal Circuit precedent.  *See* Opp. at 3–6.  Plaintiff relies on

*Aspex Eyewear* and *Target Training*, to assert that pre-suit knowledge should not be required for

indirect infringement because, it in effect, limits claims to pre-suit conduct.  *See id.*  Neither of

these cases does not even touch on this issue.  Both cases stand for the proposition that "res judicata

will not be applied to" claims that accrue during the pendency of a lawsuit "if the party elects not

to have them included in the action."  *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d

1335, 1345 (Fed. Cir. 2012); *see Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F.

App'x 1018, 1026 (Fed. Cir. 2016).  Requiring sufficient pleadings of pre-suit knowledge is not in

any tension with the idea that a patentee may pursue claims for infringement that continues beyond

the case filing or that *res judicata* will not apply to these claims.  Thus, this Court's precedent is

fully consistent with Federal Circuit precedent and with the knowledge requirement itself.  *See*

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D.

Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a

complaint provides sufficient knowledge for induced infringement would vitiate the Supreme

Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a

claim for induced infringement.").

    Despite Plaintiff's attempts, it cannot ignore the law of *this* Court and *this* district.[3]  Like

---

[3] Plaintiff's Opposition (at 3–8) spends five pages discussing Delaware and E.D. Texas case law and distinguishing *VLSI Tech. LLC v. Intel Corp.*, CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019).  Like its analysis regarding willfulness, this entire discussion is irrelevant. The law of this Court and this district is clear.  The knowledge requirement for indirect infringement requires pre-suit knowledge and this knowledge cannot be based on a prior iteration of the complaint.  *See* Motion at 4–6.  Moreover, Plaintiffs' own case, *Nalco Co. v. Chem-Mod, LLC*, actually suggests that allegations of pre-suit knowledge are required for indirect infringement.  *See* 883 F.3d 1337, 1357 (Fed. Cir. 2018) (holding the knowledge requirement for contributory infringement was satisfied where plaintiff "pled facts to show Defendants' knowledge, ***prior to filing of the suit***, of the '692 patent.") (emphasis added).

the allegations in *Parus*, WSOU's allegations of knowledge are limited to references to a prior filed complaint and thus fail to state a claim for indirect infringement. *See* Motion at 5–6. And, to make matters worse, this prior complaint was never served and thus it cannot provide the basis for pre-suit knowledge, especially since the Amended Complaint at issue here does not even allege that Defendants were provided a copy of the unserved complaint. *See id.* As such, Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement is fatal to its indirect infringement claims, and these claims should be dismissed.

### 2.   Plaintiff Fails to Plead Facts that Plausibly Show the Defendants Had a Specific Intent to Cause Another to Directly Infringe

Plaintiff's Opposition merely repeats its conclusory allegation that Defendants induce infringement by "advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products." Opp. at 10 (quoting Am. Compl., ¶ 25). Notably, Plaintiff has *no response* to Defendants' assertion that it has not presented any facts to support this statement or any "facts that would allow a court to reasonably infer that Defendants had the *specific intent* to induce infringement."[4] *Addiction & Detoxification Inst.*

---

[4]   Plaintiff's cited cases (*see* Opp. at 10–11) are all distinguishable for the simple reason that the pleadings at issue in those cases contained more than a single conclusory statement that Defendants generally instruct users how to configure their products. *See Nalco*, 883 F.3d at 1355 (finding "[t]he 4AC alleges facts that plausibly show Defendants specifically intended their customers to infringe"); *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936–37 (E.D. Tex. 2016) (finding facts relating to pre-suit knowledge and willful blindness that supported induced infringement); *Canon, Inc. v. TCL Electronics Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356, *5–*6 (E.D. Tex. Mar. 25, 2020) (finding allegations that the "creation and dissemination" of certain documents "with knowledge and the specific intent that their efforts will result in the direct infringement" supported specific intent); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019) (finding allegations of a contractual relationship, directing customers, and advertising where "Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the Asserted Patent" supported specific intent).

*L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (emphasis added).   Plaintiff's conclusory allegations are directed to—if anything—general intent to cause acts of infringement, but are simply not enough to sufficiently plead *specific* intent.   *See* Motion at 7–8.

### 3.   Plaintiff Has No Factual Basis to Allege that the Asserted Products Have No Substantial Non-infringing Uses

Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only response is a non-response claiming that it "has alleged a plausible claim for contributory infringement because the Amended Complaint specifically identifies example infringing features and components of the accused product."  Opp. at 12.  Plaintiff's conclusory allegations are not enough and thus its contributory infringement claim should be dismissed.[5]

### B.   Plaintiff Should Not Be Permitted to Amend

Plaintiff has now had three chances to file a complaint that actually pleads a plausible basis to claim indirect infringement.  *See*  D.I. 1; D.I. 34; *WSOU v. Dell Inc. et al.*, Case No. 6:20-cv-409, D.I. 1 (W.D. Tex. May 20, 2020).  Defendants have filed two motions to dismiss.  D.I. 32; D.I. 38.  Plaintiff still cannot come up with any basis to allege the requite knowledge, intent, or lack of non-infringing uses.  In view of these circumstances it would be futile to allow Plaintiff a *fourth* bite at the apple with another amended complaint.  The Amended Complaint should be dismissed without leave to amend.  *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (affirming denial of a motion to amend because "granting

---

[5]   Again, Plaintiff's cited cases are inapplicable. *See* Opp. at 15–16.  This case is not like *Ricoh*, *Motiva*, or *Lucent Techs.* where the accused feature was imbedded in some large product with additional features or where the accused software had other uses.  *See Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2009); *Motiva Patents*, 408 F. Supp. 3d at 835; *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320–1321 (Fed. Cir. 2009).  Here, the accused Graceful Restart functionality, which does not even implicate the claims, is disabled by default.

[plaintiff's] motion to amend would have been *futile*").

## III.  CONCLUSION

For the foregoing reasons and the reasons in Defendants' Motion, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's Amended Complaint in its entirety for failure to plausibly state a claim for relief with prejudice and without leave to amend.  Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  November 20, 2020     By:  */s/ Barry K. Shelton*
Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on November 20, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton
